NO. 7768.

SUCCESSION OF

PAUL PIZZINI.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

7768

# OPINION.

St. Paul, J.

This appeal involves only a claim for an Inheritance Tax. The case is thus stated (in substance) by the Counsel for the Tax Collector.

"Paul Pizzini, before he died, made a binding agreement to sell a piece of real estate to the Order of Elks for $18000. After his death his administrator (acting under an order of court) executed the usual (formal) act of Sale transferring the property. The Tax Collector contended that at the time of his death Pizzini no longer owned the real estate (on which taxes had regularly been paid) but had merely a claim for $18000 against the Elks, purchasers of the property; which being personal property (and having previously paid no taxes) was subject to the Inheritance Tax." See Art 235, 236, Const. of 1898.

The District Judge, thought otherwise; and the Tax Collector has appealed.

The trial judge did not err. "Under the jurisprudence, a promise of sale amounts to a sale only in the sense that it entitles either party to enforce specific performance; but a promise of sale is not translative of property, and does not change the ownership of, or dominion over, the thing even as between the parties, or put the thing at the risk of the promisee." Caire vs Mutual Bldg Assn, (on rehearing) 15 Orleans Appeals Rep p.    (7315), citing 17 La. 449, 10 An 160, 13 An 361, 14 An 606, 15 An 583, 29 An 665, 34 An 677, 40 An 712, 41 An 1107, 45 An 108.

And where the deceased, at the time of his death, owned property which had borne its just proportion of taxes, the mere circumstance that, as the result of administration, that property was turned over to the heirs and legatees in more liquid shape, does not alter the fact that "the property donated or inherited", was the very property which the deceased owned, and no other; since "Nemo dat quod non habet." Succ. of Becker, 118 La 1056.

The ruling in Etta Construction Co vs Bruhing, 134 La 58, has no application here. That was the case of a sale at auction

395

followed by a formal transfer; and the court held that as to public i.e. auction sales, the rule was different from the above stated as to effect of a promise of sale privately contracted; that the adjudication by the auctioneer was not a mere promise of sale, but was itself translative of the property without the need of any other act. But in this case we are concerned only with a promise of sale privately contracted, and not with an adjudication at auction.

The judgment appealed from is therefore affirmed.

Judgment Affirmed.

New Orleans, La, December    1919.